UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-13214-RGS

VIVIENNE FRAVIEN

v.

MGM FENWAY MUSIC HALL

MEMORANDUM AND ORDER

March 21, 2026

STEARNS, D.J.

For the reasons stated below, the motion for leave to proceed *in forma pauperis* (ECF 2) is ALLOWED and this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

BACKGROUND

On October 31, 2025, Vivienne Fravien filed her self-prepared complaint on the preprinted Pro Se 8 form complaint for violation of fair labor standards. [ECF No. 1].   Plaintiff asserts claims pursuant to the Fair Labor Standards Act, 28 U.S.C. §§ 201 – 209, and relevant state, city or county law.  [*Id.* at ¶ II).   Named as defendant is the MGM Fenway Music Hall.  *Id.* at ¶ I(B)).   Fravien was employed by defendant as a bartender from August to October 2022.   *Id.* at ¶ III(B), (C).   On the civil cover sheet and category form accompanying the complaint, Fravien indicates that this action is related to No. 25-cv-11661-RGS.  [ECF 1-1 at ¶ VIII], ECF 1-2 at ¶ 3].

With the complaint, plaintiff filed a motion for leave to proceed *in forma pauperis*.  [ECF No. 2].

### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The financial disclosures made in Fravien's motion adequately demonstrate that she is without income or assets to pay the filing fee.  The motion for leave to proceed *in forma pauperis* is, accordingly, allowed.

### PRELIMINARY SCREENING

When, as here, a plaintiff proceeds without legal representation, the court must construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).  Even so, the court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### DISCUSSION

As noted by Fravien herself, she previously filed an action against the defendant concerning her 2022 employment.  *See Fravien v. MGM Fenway Music Hall, et al.*, C.A. No. 25-11661-RGS (D. Mass. July 28, 2025) (dismissing pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction).

Any claims that Fravien may be seeking to raise in the instant complaint are barred by the doctrine of *res judicata* or claim preclusion.[1] The doctrine of claim preclusion prohibits parties from contesting issues that they have had a "full and fair opportunity to litigate." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  The doctrine of claim preclusion applies when there is "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Foss v. Marvic, Inc.*, 103 F.4th 887, 891 (1st Cir. 2024) (citations omitted).

Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), "[e]ven without a motion, 'a court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste.'" *In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 16 (1st Cir. 2003) (citing *Bezanson v. Bayside Enterps., Inc., In re Medomak*, 922 F.2d 895, 904 (1st Cir.1990)).

Here, the elements of claim preclusion are satisfied.  Because Fravien's present claims arise out of the same transactions and occurrences that were

---

[1] "*Res judicata*" is sometimes used to refer to both issue preclusion and claim preclusion.  *Brownback v. King*, 592 U.S. 209, 215 n.3 (2021).

the subject of her earlier action in this court, these claims are barred by the doctrine of claim preclusion.

Although the court generally grants a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, leave to amend is not required where it would be futile. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (explaining that futility means that "the complaint, as amended, would fail to state a claim upon which relief could be granted").

## ORDER

For the foregoing reasons, it is hereby ordered that:

1.    The motion for leave to proceed *in forma pauperis* (ECF 2) is ALLOWED.

2.    This action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3.    The Clerk shall enter a separate order of dismissal.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE